UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | |
|---|---|
| LUIS TORIBIO *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATTORNEY GENERAL WILLIAM J. BARR, Attorney General of the United States, *ET AL.*, <br><br> Defendants. | 20-MC-742 (SHS) <br><br> <u>OPINION & ORDER</u> |

SIDNEY H. STEIN, U.S. District Judge.

On December 15, 2020, plaintiffs filed this motion for the return of seized property pursuant to Federal Rule of Criminal Procedure 41(g), the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), and the Due Process Clause of the Fifth Amendment to the United States Constitution. (Pls.' Mot., ECF No. 11.)

The Court held oral argument in this matter via teleconference on January 13 and denied plaintiffs' CAFRA claim because the government seized plaintiffs' funds pursuant to a criminal search warrant, not a "nonjudicial civil forfeiture proceeding" as required by 18 U.S.C. § 983(a)(1)(A)(i). *See Chaim v. United States*, 692 F. Supp. 2d 461, 463-466 (D.N.J. 2010); *see also Celata v. United States*, 334 F. App'x 801, 802 (9th Cir. 2009). The Court similarly denied plaintiffs' Rule 41(g) claim because the pending civil forfeiture action in this matter, filed on January 8, 2021 by the government, provides plaintiffs an "adequate remedy at law." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) ("A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction."); *see also United States v. In re One 1987 Jeep Wrangler Auto. VIN #2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992) ("[O]nce the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41[g] motion.").

However, because plaintiffs filed papers—mere hours before the scheduled teleconference—elaborating on their argument that the four-month delay between the government's seizure of plaintiffs' property on September 10, 2020 and the government's filing of a civil forfeiture action on January 8, 2021 constitutes a violation of due process, *see* Pls.' Reply, ECF No. 19, the Court deferred ruling on that claim.

Upon thorough consideration of the moving papers, the Court now denies the motion in full.

The pending civil forfeiture action seeking the forfeiture of plaintiffs' funds in this matter, *United States v. $136,096.57 Formerly on Deposit in Capital One Bank Acct. et ano.*, 21-CV-174 (S.D.N.Y.), is the proper venue for plaintiffs to assert their due process claims. *See United States v. One 1978 Cadillac Sedan de Ville, N.Y. License Plate No. 533 J.P.Y.*, 490 F. Supp. 725, 732 (S.D.N.Y. 1980) ("Unreasonable delay between seizure and institution of a forfeiture proceeding may bar the Government from obtaining forfeiture of the claimant's property; the claimant would raise the due process violation as a defense to the Government's proceeding.").

Regardless, the Court finds that the government's four-month delay between the time it seized plaintiffs' property and the time it commenced civil forfeiture proceedings does not constitute a violation of plaintiffs' due process rights. In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, the United States Supreme Court held that the test established in *Barker v. Wingo*, 407 U.S. 514 (1972), applies when a court must determine whether or not the government's delay in instituting a forfeiture proceeding violates a petitioner's right to due process. 461 U.S. 555, 564 (1983). The *Barker* test requires consideration of the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*

The Supreme Court has counseled that "[i]n applying the *Barker* balancing test . . . the overarching factor is the length of the delay," although Courts should consider this factor in conjunction with "the reason the Government assigns to justify the delay." *Id.* at 565. Pending criminal proceedings may justify the government's delay in instituting a forfeiture action, especially because "[a] prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution." *Id.* at 567.

In this case, the government's four-month delay in commencing a forfeiture proceeding from the time of seizure—while its criminal investigation was (and remains) ongoing—is not unreasonable. In *Eight Thousand Eight Hundred & Fifty Dollars*, the Supreme Court found that the government's 18-month delay in filing civil forfeiture proceedings during the pendency of criminal proceedings was reasonable and did not violate due process. *Id.* at 569-570. Moreover, in applying the *Barker* test, the Second Circuit has found that delays ranging from seven months to five years—vastly longer than the four-month delay at issue here—did not violate a claimant's right to due process. *See, e.g., United States v. David*, 131 F.3d 55, 60 (2d Cir. 1997) (concluding that a five-year delay did not violate a claimant's right to due process); *Mercado v. U.S.*

*Customs Serv.*, 873 F.2d 641, 646 (2d Cir. 1989) (concluding that a 7-month delay did not violate a claimant's right to due process).

Nor do the other *Barker* factors—the defendant's assertion of his right, and prejudice to the defendant—cause the government's delay to rise to the level of a due process violation. While plaintiffs have timely asserted their right to return of the funds at issue by filing a Rule 41(g) motion, plaintiffs have not shown prejudice. "The primary inquiry" in considering prejudice to the claimant "is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *Eight Thousand Eight Hundred & Fifty Dollars*, 461 U.S. at 569. While plaintiffs have established that the freeze on the Conciliation bank account has caused plaintiffs "real economic harm"—the alleged disintegration of Toribio's various businesses, Aff. of Luis Toribio dated Dec. 14, 2020 ¶¶ 14, 16, 22, 26-27, ECF No. 11-2—they have not shown that the four-month delay hindered plaintiffs' ability to "defend the propriety of the forfeiture on the merits." *Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. at 569.

For the reasons set forth on the record during the January 13 teleconference, and because the balance of *Barker* factors indicates that plaintiffs were not denied due process of law, IT IS HEREBY ORDERED that plaintiffs' motion [ECF No. 11] is denied in full.

Dated:  New York, New York
        January 15, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.